IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     *Plaintiff,* | ) | |
| | ) | Case No. 13 CR 647 |
| v. | ) | |
| | ) | Honorable Robert Dow, |
| MARIO YOUNG, | ) | *Judge Presiding* |
|     *Defendant*. | ) | |

**DEFENDANT YOUNG'S EMERGENCY
MOTION FOR INTERRUPTION OF SENTENCE**

Defendant Mario Young, by counsel, Susan Pavlow, respectfully moves this Court for entry of its order interrupting and staying his sentence for a period of forty-eight (48) hours, or any other period the Court deems acceptable, so that Defendant may visit with his son in the hospital. In support, the following is offered.

1. On September 23, 2015, this Court sentenced Young to ninety-six (96) months imprisonment for distribution of a controlled substance in violation of 21 U.S.C. §841. Following the sentence, Judge St. Eve sentenced Young to twenty-eight (28) months imprisonment, to be served consecutively, for a violation of supervised release in case number 03 CR 326.

2. Young is currently incarcerated at Federal Prison Camp Duluth, in Duluth, Minnesota.

3. Young's sixteen-year-old son has been hospitalized since March 28, 2018, at Lurie Children's Hospital of Chicago. The child suffers from a congenital heart condition. He underwent surgery in an effort to prolong the period to receive a heart transplant. Unfortunately, his condition has severely worsened. He has multisystem organ failure and is progressing towards brain death. According to his doctor's letter, "there are no further options in his care

and his death is imminent." *See*, letter of Dr. Conrad Epting, M.D.[1] Because time is of the essence, Young respectfully seeks a furlough in order to visit his son before the removal of any life support equipment.

4. Pursuant to 18 U.S.C. §3622, the Bureau of Prisons is authorized to temporarily release a prisoner for thirty (30) days if: (1) the release is consistent with the purpose of the sentence, (2) the release is consistent with the public's interest, (3) there is reasonable cause to believe that the prisoner will honor the trust imposed in him, and (4) the release falls within one of the allowable reasons set forth by the statute. 18 U.S.C. §3622(a)(1) provides that an allowable reason for temporary release is to visit a relative who is dying.

5. Counsel has been advised that Young has previously requested an interruption of his sentence from the Bureau of Prisons in order to visit his son but was informed that a prior conviction made him ineligible for release. Counsel has attempted to contact the BOP in an effort to obtain more specific information but has not received a return call. Counsel inquired about speaking with someone in the warden's office and was advised no one was available.

6. As set forth in the PSI, Young's criminal history is as follows:

    a. On March 3, 1998, he pled guilty to robbery in 96 CR 2283301, and was sentenced to two (2) years probation. On July 14, 1999, the probation was revoked and he was sentenced to four (4) years IDOC, to be served concurrent with 96 CR 2283301;

    b. On December 14, 1999, he was sentenced to four (4) years IDOC, concurrent with the case in paragraph (a), for the offense of manufacture/delivery of cocaine;

    c. On April 16, 2004, he was sentenced to twenty-four (24) months in the Bureau of Prisons for possession with intent to distribute heroin and felon in possession of a firearm in 03 CR 326, as referenced in paragraph (1).

---

[1] Because Dr. Epting's letter contains identifying information as well as medical diagnoses, it will not be publicly filed, but will be tendered with the Court's courtesy copy and to the government.

7. It is counsel's understanding that Young has previously been granted a furlough to travel to another Bureau of Prison facility without incident.

8. While the statute does not provide express authority for this Court to review the decision of the BOP, Judge Holderman has explained that based on the Supreme Court's decision in *Wade v. United States*, 504 U.S. 181 (1992), a district court can review the decision of the Bureau of Prisons to determine if it is "irrational or otherwise does not comply with constitutional requirements." *United States v. Patel*, Case No. 04 CR 239, Docket No. 50. A copy of Judge Holderman's Order is attached hereto as Exhibit A.

9. In *Patel*, an inmate filed an "Emergency Motion for Interruption of Sentence" to attend his nephew's wedding following a BOP denial of his request. Judge Holderman, in discussing a district court's ability to review a BOP refusal to grant release under 18 U.S.C. §3622 analogized the situation to *Wade*, in which the Supreme Court held that a court may review the government's refusal to file a Rule 35(b) motion to determine whether the government's refusal was irrational or otherwise violation constitutional protections. The district court went on to apply the reasoning of Wade to the inmate's temporary release request under §3622.[2]

10. Courts have previously ordered a defendant to be temporarily released pursuant to §3622. In *United States v. Fiasche*, Case No. 05 CR 765, Docket No. 194, Judge Anderson ordered a defendant temporarily released in order to visit his dying grandfather. The government had objected, arguing that the court lacked jurisdiction to grant the motion. A copy of Judge Anderson's order is attached hereto as Exhibit B. Likewise, Judge Zagel released the defendant

---

[2] Judge Holderman denied the request in that instance.

3

in *United States v. Simon Chong*, 04 CR 166, Docket No. 257, 257, in order to attend a funeral. Judge Zagel's order is attached as Exhibit C.

      11.      Young submits that the decision of the BOP to deny his request is unreasonable as there is no basis to restrict temporary release to visit dying relatives. As such, the Court should grant Young a temporary release so that he may visit his son in the hospital before his removal from life support.

      12.      Young's family has indicated that it will pay for any security measure deemed appropriate by the Bureau of Prisons. Further, any time Young spends out of custody can be ordered not to count against the remainder of Young's sentence.

      Wherefore Defendant respectfully requests this Court enter an order granting Young the proposed interruption of sentence so that he may visit his son at the hospital.

                                    Respectfully submitted,

                                    */s/ Susan M. Pavlow*
                                    Susan M. Pavlow
                                    Attorney for Defendant

SUSAN M. PAVLOW
Attorney for Defendant
53 West Jackson Boulevard, Suite 1215
Chicago, Illinois 60604
312-322-0094